No. 86,416

In the Matter of MARLIN JOHANNING, *Respondent*
(23 P.3d 895)

Opinion filed June 1, 2001.

*Frank D. Diehl*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was with him on the formal complaint for the petitioner.

*Shelley Kurt Bock*, of Lawrence, argued the cause for the respondent, and *Marlin Johanning*, respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Marlin Johanning, of Atchison, an attorney admitted to the practice of law in Kansas.

Complaints filed against the respondent alleged that the respondent violated KRPC 1.2 (2000 Kan. Ct. R. Annot. 307) (scope of representation); KRPC 1.3 (2000 Kan. Ct. R. Annot. 310) (diligence); KRPC 1.4 (2000 Kan. Ct. R. Annot. 320) (communication); and KRPC 1.15 (2000 Kan. Ct. R. Annot. 360) (safekeeping property).

A hearing was held before a panel of the Kansas Board for Discipline of Attorneys. The respondent appeared in person and through counsel, Shelley Kurt Bock, and the Disciplinary Administrator's office appeared by Frank D. Diehl, Deputy Disciplinary Administrator.

Based upon clear and convincing evidence, a unanimous hearing panel made the followings findings of facts and conclusions of law.

"FINDINGS OF FACT

"1. Marlin Johanning (hereinafter 'the Respondent') is an attorney at law. . . His last registration address with the Clerk of the Appellate Courts of Kansas is . . . Atchison, Kansas. The Respondent was admitted to the practice of law in the state of Kansas on September 14, 1979.

"2. John and Shirley Hagenaar reside in Savannah, Missouri. In 1998, the Hagenaars' residence suffered significant and ongoing drainage problems. The Hagenaars attributed the drainage problems to construction work authorized by the

City of Savannah. The drainage problems caused damage to the foundation of the Hagenaars' residence.

"3. On or about October 8, 1998, the Respondent met with the Hagenaars regarding the drainage problems. The Hagenaars hired the Respondent (1) to make a claim for monetary damages against the City of Savannah and (2) to get the drainage problems fixed so that they would not recur. At that time, the Hagenaars paid the Respondent a retainer of $1,000.00. The Respondent failed to memorialize the fee agreement with the Hagenaars by contract or letter. Additionally, instead of depositing the retainer into a trust account as required, the Respondent deposited the retainer into the personal checking account of his wife. Thereafter, the Respondent withdrew the funds from his wife's personal checking account.

"4. The Respondent was not licensed to practiced law in Missouri. The Respondent assured the Hagenaars that if he was unable to resolve the matter without court action, the Respondent would obtain local counsel.

"5. During the fall of 1998, the Respondent wrote two letters to the City of Savannah. There was no mention, in those letter, of the Hagenaars' claim for monetary damages against the City of Savannah. After October 1998, the Hagenaars tried, on approximately twenty to twenty-five occasions, to contact the Respondent. On one occasion when the Hagenaars called the Respondent, they were informed that his telephone had been disconnected. Most of their efforts to contact the Respondent were unsuccessful.

"6. In August 1999, the Respondent sent a letter to the Hagenaars regarding the employment of an expert witness. The Hagenaars thought that hiring an expert was unnecessary because at the October 8, 1998, meeting, the Hagenaars provided the Respondent with two estimates to repair the damage to the foundation.

"7. Eventually, the Hagenaars obtained the Respondent's home telephone number. The Hagenaars were able to contact the Respondent at home.

"8. In November 1999, the Respondent returned the Hagenaars' file. Although the Respondent acknowledged owing the Hagenaars $466.00 in unearned retainer, he did not return those funds to the Hagenaars.

"9. On December 5, 1999, Mr. Hagenaar sent a letter of complaint to the Office of the Disciplinary Administrator. During the investigation of the complaint, the Respondent informed the disciplinary investigator that the Respondent maintained no trust or checking account in connection with his law practice. The Respondent stated that he paid all his bills by cash or money order. Additionally, the Respondent stated that he cashed all checks received at a local bank.

"10. On December 8, 2000, the Respondent forwarded restitution to the Hagenaars in the amount of $568.00 ($466.00 plus 12% interest). The Hagenaars received the restitution on December 10, 2000.

"11. On December 11, 2000, the Respondent set up a trust account in the form of a passbook savings account. However, the Respondent does not currently have, and has never had, an accounting system in place to track client funds.

"12. On December 13, 2000, the hearing was held on the Formal Complaint filed in this case."

## "CONCLUSIONS OF LAW

"Based upon the above findings of fact, the Hearing Panel makes the following conclusions of law:

"1. Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. By filing to seek a monetary claim for damages against the City of Savannah, the Respondent failed to act with reasonable diligence and promptness in representing Mr. and Mrs. Hagenaar. Further, although the City of Savannah took some actions to alleviate the drainage problems which caused the Hagenaars' damage, those actions were taken before the Respondent's first letter to the City. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.3.

"2. KRPC 1.4(a) provides:

'A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.'
*Id.* The Respondent failed to return approximately twenty to twenty-five telephone calls and failed to otherwise communicate with Mr. and Mrs. Hagenaar for an extended period of time. As such, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"3. Lawyers must keep their property separate from their clients' property and lawyers must promptly return property belonging to a client, when requested to do so. KRPC 1.15.

a. Specifically, KRPC 1.15(a) requires attorneys to 'hold property of clients or third persons . . . separate from the lawyer's own property.'
*Id.* This rule requires attorneys to hold the funds or other property of clients with the care required of a professional fiduciary. In this case, the Hearing Panel concludes that the Respondent violated KRPC 1.15(a) by commingling the Hagenaars' funds with the Respondent's personal funds.

b. KRPC 1.15(d)(2)(iv) provides:

'The lawyer shall . . .[p]romptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.'
*Id.* Because the Respondent failed to return the unearned fees when requested by his client to do so, the Hearing Panel concludes that the Respondent violated KRPC 1.15(d)(2)(iv).

"4. The Deputy Disciplinary Administrator alleged that the Respondent also violated KRPC 1.2. The Hearing Panel finds that clear and convincing evidence was not presented to support this conclusion. The allegation that the Respondent violated KRPC 1.2 is, therefore, dismissed."

Based upon the above findings of fact and conclusions of law, the hearing panel considered a number of factors in making the

following recommendation for discipline of the respondent in this case.

"RECOMMENDATION

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to his client to provide diligent representation and maintain reasonable communication.

"*Mental.* The Respondent *negligently* violated his duty.

"*Injury.* As a result of the Respondent's misconduct, the Hagenaars suffered injury. Their claim against the City or other responsible parties for monetary damages has not been filed.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"*Prior Disciplinary Offenses.* The Respondent has been disciplined in two previous cases. On April 6, 1998, the Deputy Disciplinary Administrator informally admonished the Respondent for having violated [KRPC] 1.2, 1.3, 1.4, 1.7, and 1.8. Also on April 6, 1998, the Deputy Disciplinary Administrator informally admonished the Respondent for having violated [KRPC] 1.3 and 1.4.

"*Substantial Experience in the Practice of Law.* The Respondent was admitted to the practice of law in the state of Kansas in 1979. At the time of the misconduct in this case, the Respondent had been practicing law for 19 years. Accordingly, the Respondent had substantial experience in the practice of law.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"*Absence of Selfish or Dishonest Motive.* The Respondent's misconduct does not appear to have been motivated by selfishness or dishonesty.

"*Payment of Restitution.* While the Respondent failed to timely return the unearned fee in this case, he has now made restitution to the Hagenaars in the total amount of $568.00. That amount includes $466.00 in unearned fees and 12% interest on that amount.

"*Present and Past Attitude of Cooperation.* The Respondent fully cooperated in the investigation and prosecution of this case.

"*Remorse.* The Respondent recognized the difficulties he caused the Hagenaars, and expressed remorse that he may have prevented the Hagenaars from obtaining a remedy to the damage to the foundation of their residence."

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered Standard 4.43. That standard provides:

'Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.'

"The Hearing Panel unanimously recommends that Respondent be publicly censured for the misconduct in this case. Additionally, the Hearing Panel recommends that the Respondent be ordered to comply with certain conditions and that the Office of the Disciplinary Administrator certify to the court when the Respondent has completed the conditions described below:

"1. The Hearing Panel recommends that the Respondent immediately establish an accounting system to track client funds held in trust. The Hearing Panel recommends that the Office of the Disciplinary Administrator conduct an audit on the Respondent's trust account on or before April 1, 2001, to ensure that the Respondent has established an accounting system to track client funds and is in compliance with KRPC 1.15.

"2. The Hearing Panel also recommends that the Respondent be required to successfully complete, in addition to the standard continuing legal education requirements, a three to five hour educational program on law office management including at least two hours on trust account management, such as offered in the Practical Skills workshop."

The Respondent by his attorney files no exceptions to the final hearing report of the panel as set forth in detail above. The court, having considered the record, the final hearing report, the factors in aggravation and mitigation, and the panel's recommendation, adopts and concurs in the findings, conclusions, and recommendation of the hearing panel. Based upon the respondent's violations of KRPC 1.3, KRPC 1.4, and KRPC 1.15, a majority of the court holds that the respondent's violations warrant published censure.

IT IS THEREFORE ORDERED that Marlin Johanning be disciplined by published censure in accordance with Supreme Court Rule 203(a)(3) (2000 Kan. Ct. R. Annot. 224).

IT IS FURTHER ORDERED that the respondent establish an accounting system to track client funds held in trust and that the office of the Disciplinary Administrator conduct an audit of the respondent's trust account on or before July 1, 2001, to ensure that the respondent has established an accounting system to track client funds consistent with the provisions of KRPC 1.15.

IT IS FURTHER ORDERED that the respondent successfully complete, in addition to the standard continuing legal education requirements, an additional 5-hour educational program on law office management, including at least 2 hours on trust account management, such as offered in the Practical Skills Workshop, to be completed on or before December 31, 2001, and report his completion to the office of the Disciplinary Administrator.

IT IS FURTHER ORDERED that the respondent reimburse the Lawyer's Fund for Client Protection (Fund) Rule 227 (2000 Kan. Ct. R. Annot. 432) any amount paid or to be paid by the Fund on the claim made by John and Shirley Hagenaar and report such reimbursement to the office of the Disciplinary Administrator.

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that the costs herein be assessed to the respondent.